The defendant's remedy, it seems to me, if he has been unjustly convicted, is upon an application to the executive of the state for relief, and not to the courts.

An order may be entered affirming the order appealed from.

---

### In re KNABE'S ESTATE.

(Surrogate's Court, New York County. February 1, 1916.)

1. WILLS ☞782—PROVISIONS FOR SURVIVING WIFE—CONSTRUCTION.

Where a testator gave his real and personal property to trustees, and directed them to pay the net rents and profits to his widow during her natural life, or until such time as she remarried, and provided that in case she remarried he thereby limited her to the dower right granted her by law, the widow was entitled to dower, in addition to the testamentary provisions for her benefit, since to hold otherwise would necessitate an election by her, and if she elected to take the testamentary provisions, and subsequently remarried, she could not claim dower, and the express provisions of the will would thereby be nullified.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2018–2033; Dec. Dig. ☞782.]

2. WILLS ☞782—PROVISIONS FOR SURVIVING WIFE—CONSTRUCTION.

A widow is entitled to dower, in addition to testamentary provisions for her benefit contained in her husband's will, unless it is clear from the terms of the will that the testator did not intend that she should have both.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2018–2033; Dec. Dig. ☞782.]

In the matter of the estate of Henry Knabe. Order fixing transfer tax reversed, and appraiser's report remitted to him for correction.

Amend & Amend, of New York City (John E. Donnelly and Alfred J. Amend, both of New York City, of counsel), for executrix.

Lafayette B. Gleason, of New York City (Schuyler C. Carlton and Alexander Otis, both of New York City, on the brief), for state comptroller.

FOWLER, S. [1, 2] The question presented by the appeal of the executrix is whether the widow of the decedent is entitled to dower in addition to the provisions contained in the will for her benefit. The testator gave his real and personal property to trustees and directed them to pay the net rents and profits to his widow during her natural life, or until such time as she remarried. He also provided:

"In case she remarries, I hereby limit her to the dower right granted to her by law."

The widow is entitled to dower in addition to the testamentary provisions for her benefit unless it is clear from the terms of the will that the testator did not intend that she should have both. It has been held that if a testator gives all his real estate to trustees, with power to make repairs and to sell or mortgage the real estate, the widow is not entitled to dower in addition to the testamentary provisions for her

benefit. Asche v. Asche, 113 N. Y. 234, 21 N. E. 70; Matter of Gordon, 172 N. Y. 25, 64 N. E. 753, 92 Am. St. Rep. 689.

In this matter, however, the testator does not give his trustees the power to sell or mortgage. The reference to "dower right granted her by law" shows that he differentiated between the right of dower which the law gave to his widow and the right to the rents and profits of the remainder of the estate which he gave to her so long as she remained his widow. He was evidently aware that he could not deprive her of dower even if she remarried, but he expressly provided that she should be deprived of the rents and profits of the remainder of his estate upon the happening of that event. He could not give her dower by his will, neither could he deprive her of it; and his expressed intention of limiting her to dower in the event of her remarriage shows that until such remarriage he intended that she should have dower in addition to the other provisions contained in the will for her benefit.

To hold that the widow is not entitled to dower in addition to the testamentary provisions for her benefit would necessitate her making an election, as provided in section 201 of the Real Estate Law (Consol. Laws, c. 50). If she elected to take the testamentary provisions and afterwards remarried she would be deprived of all interest in the estate of the testator, because he has provided that in the event of her remarriage she would be limited "to the dower right granted to her by law," and having elected to take the testamentary provisions she could not thereafter claim dower. But the testator expressly provides that in the event of her remarriage her interest in his estate will be limited to dower; consequently a construction of the will which would put her to an election would result in nullifying the express terms of the testator's will.

As the appraiser failed to deduct the value of the widow's dower from the taxable assets of decedent's estate, the order fixing tax will be reversed, and the appraiser's report remitted to him for correction.